UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELODY BORDEAUX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-CV-00207-NCC |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Melody Bordeaux ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 17), and Defendant has filed a brief in support of the Answer (Doc. 21). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).

### I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on February 7, 2008 (Tr. 136-43). Plaintiff was initially denied on May 6, 2008, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 73-79, 86-90). After a hearing, by decision dated November 9, 2009, the ALJ found Plaintiff not disabled (Tr. 12-26). On April 11, 2011, the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Appeals Council denied Plaintiff's request for review (Tr. 1-4). Plaintiff appealed to the United States District Court for the Eastern District of Missouri and the Honorable Fredrick R. Buckles reversed and remanded Plaintiff's case to the Commissioner on November 14, 2012 (Tr. 765-99). Accordingly, the Appeals Counsel remanded the case to an ALJ for further proceedings consistent with the Court's order (Tr. Tr. 802-03). After a second hearing, in a decision dated July 3, 2014, a different ALJ found Plaintiff not disabled (Tr. 677-96). On November 28, 2016, the Appeals Counsel denied Plaintiff's request for review of the July 2014 decision (Tr. 671-76). As such, the ALJ's July 3, 2014 decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 13, 2007, the amended alleged onset date (Tr. 683). The ALJ found Plaintiff has the severe impairments of mild lumbar disc disease, very mild cervical disc disease, supraventricular tachycardia, diabetes, mild peripheral neuropathy and obesity, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 683-84).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work[2] with the following limitations (Tr. 684). She is able to occasionally climb ramps and stairs but should never climb ropes, ladders or scaffolds (*Id.*). She is able to occasionally stoop, kneel, crouch, crawl, and bend (*Id.*). She is able to frequently balance (*Id.*). She should avoid concentrated exposure to unprotected heights and hazardous machinery (*Id.*). The ALJ found Plaintiff capable of performing her past relevant work as a recruiter (Tr. 688). Thus, the ALJ concluded that a finding of "not disabled" was

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

appropriate (Tr. 690). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

3

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to

support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises three issues. First, Plaintiff asserts that the ALJ failed to properly consider "some" medical evidence under the standards contained in *Singh v. Apfel,* 222 F.3d 448 (8th Cir. 2000) and *Lauer v. Apfel,* 245 F.3d 700 (8th Cir. 2001) (Doc. 17 at 4). Second, Plaintiff argues that the ALJ failed to properly consider Plaintiff's subjective complaints (*Id.*). Third, Plaintiff argues that the vocational expert's

5

response to the ALJ's hypothetical question does not represent substantial evidence because the hypothetical does not capture the concrete consequence of Plaintiff's impairment (*Id.*). For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**A. Credibility**

The Court will first consider the ALJ's credibility determination, as the ALJ's evaluation of Plaintiff's credibility was essential to the ALJ's determination of other issues, including Plaintiff's RFC. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) ("[The plaintiff] fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible.") (citing *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005)); 20 C.F.R. §§ 404.1545, 416.945 (2010). In assessing a claimant's credibility, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the

reasons offered by the ALJ in support of his credibility determination are based on substantial evidence.

First, the ALJ reviewed the objective medical evidence of record and determined that it failed to support the severity of Plaintiff's alleged symptoms (Tr. 685). Specifically, the ALJ found that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual" (*Id.*). "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence," although a disability determination "cannot be made solely on the basis of objective medical evidence." Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *1 (July 2, 1996). Indeed, a claimant's "symptoms, including pain, will be determined to diminish [her] capacity for basic work activities to the extent that [her] alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record." *Id.* at *2.

In her analysis of Plaintiff's credibility, the ALJ specifically referred to several objective measures during the relevant period to explain why Plaintiff's physical condition was not disabling. Her detailed review, encompassing nearly three full pages, included findings of normal lumbar alignment, normal gait, negative for bone/joint symptoms and muscle weakness, and full strength in both lower extremities (Tr. 552-57, 648-49, 685-87, 982, 984). The ALJ also noted that imagining of Plaintiff's spine from 2009 revealed only mild arthritic changes at C5-C6 and C6-C7 and mild disc degeneration at L5-S1 (Tr. 615, 662, 686). Further, the ALJ indicates that one physician recommended in July of 2008 that Plaintiff participate in an exercise program at the YMCA, specifically indicating that Plaintiff could exercise with minimum pain and

difficulty (Tr. 579, 591, 686). The same physician noted in March of 2009 that Plaintiff was exercising more (Tr. 577, 686).

Second, the ALJ found that "the record reflects significant gaps in the claimant's history of treatment" (Tr. 687). Specifically, the ALJ correctly noted, by way of example, that Plaintiff first presented for physical therapy in May of 2007 but did not return until January of 2008 (Tr. 429, 687). *See Kamann v. Colvin,* 721 F.3d 945, 950-51 (8th Cir. 2012) (noting that the ALJ properly considered that the claimant was seen "relatively infrequently for his impairments despite his allegations of disabling symptoms"); *Casey v. Astrue,* 503 F.3d 687, 693 (8th Cir. 2007) (noting that the claimant sought treatment "far less frequently than one would expect based on the [symptoms] that [he] allege[d]").

Third, the ALJ found "the claimant's daily activities are not consistent with someone who is disabled, physically or mentally" (Tr. 688). Specifically, the ALJ detailed Plaintiff's reported activities of daily living:

> She stated her daily routine involves feeding her dog, making breakfast, cleaning her house, making her bed and going for a short walk. She is able to feed herself and use the toilet. She prepares meals twice a week that sometimes takes her over an hour, although she reported she sits on a chair while doing the task. She does some light sweeping of her porch. She drives herself places in a car and shops in stores for personal items every two or three weeks. She is able to pay bills, handle a savings account, count change and use a checkbook. Her hobbies include scrapbooking and reading, which she does once or twice per week. In additional, the claimant testified she recently obtained a Bachelor of Arts in Organizational Management in 2012, which took her approximately four years, which is the same period of alleged disability.

(Tr. 687-688) (citing Tr. 238-46, 739-40). Indeed, while the Plaintiff testified that she mostly stays on one floor of the house and really only reads and watches tv, she also indicated that she occasionally drives to pick a couple of things up at the grocery store and goes to the library (Tr. 728-31). *Steed*, 524 F.3d at 876 (finding the ALJ did not err in discounting plaintiff's credibility, where she reported that she could only stand for 15 minutes, sit for one to two hours, and lift half

8

gallon of milk, but she also reported she could perform housework, take care of child, cook, and drive).

Finally, the ALJ found that "the claimant's work history does not enhance her credibility" (Tr. 688). Specifically, the ALJ indicated, "The record shows a widely varying work history with some years of little to no earnings (before the alleged period of disability) and only three years with earnings over $20,000" (*Id.*) (citing Tr. 921-22). *Bernard v. Colvin*, 774 F.3d 482, 489 (8th Cir. 2014) (sporadic work history may properly be consider in ALJ's credibility assessment). "A lack of work history may indicate a lack of motivation to work rather than a lack of ability." *Pearsall*, 274 F.3d at 1218 (citing *Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993)).

In conclusion, the Court finds the ALJ's credibility determination is based on substantial evidence and is consistent with the Regulations and case law.

**B. RFC**

The Regulations define RFC as "what [the claimant] can do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer*, 245 F.3d at 703. "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013).

To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still

do despite his impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (internal citations omitted). The Eighth Circuit clarified in *Lauer* that "[s]ome medical evidence . . . must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]" 245 F.3d at 704 (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam) and *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)). Thus, an ALJ is "required to consider at least some supporting evidence from a professional." *Id. See also Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC."); *Eichelberger*, 390 F.3d at 591.

As previously discussed, the ALJ found that Plaintiff has the RFC to perform light work with the following limitations (Tr. 684). She is able to occasionally climb ramps and stairs but should never climb ropes, ladders or scaffolds (*Id.*). She is able to occasionally stoop, kneel, crouch, crawl, and bend (*Id.*). She is able to frequently balance (*Id.*). She should avoid concentrated exposure to unprotected heights and hazardous machinery (*Id.*).

Although Plaintiff asserts that the ALJ failed to support his residual functional capacity determination with "some" medical evidence as required under the standards in *Singh*, 222 F.3d 448, and *Lauer*, 245 F.3d 700, the Court finds the ALJ's RFC determination was based on substantial evidence. Specifically, as addressed in significant detail above, the ALJ properly addressed Plaintiff's credibility and in doing so, conducted a complete and detailed analysis of Plaintiff's medical record, activities of daily living, and work history.

The ALJ additionally addressed the medical opinion evidence of record. Although Plaintiff argues that the ALJ erred in her weighing of the medical opinion evidence, the Court finds that ALJ gave proper weight to the opinion evidence of record[3] (Doc. 17 at 11).

First, the ALJ considered the opinion of Dr. Anne Winkler, M.D., Ph.D. ("Dr. Winkler"), board-certified in internal medicine and rheumatology, affording her opinion "great weight" (Tr. 688, 707-08). Dr. Winkler testified at Plaintiff's second hearing after reviewing the medical evidence of record (Tr. 688-721). Dr. Winkler testified that Plaintiff has several severe impairment including, of note, mild degenerative disc disease and very mild cervical degenerative disc disease (Tr. 710-11). Dr. Winkler opined that Plaintiff "should be able to lift or carry at least 20 pounds occasionally and 15 pounds frequently; stand or walk at least six hours in an eight-hour day; and no limits in terms of sitting" (Tr. 713). As to postural limitations, Dr. Winkler indicated that Plaintiff could occasionally use stairs, never use ladders, ropes, or scaffolds, would be able to frequently balance, and could occasionally bend, stoop, kneel, crouch, crawl (*Id.*).

The ALJ indicated that she assigned Dr. Winkler's opinion "great weight" in part because Dr. Winkler "had the opportunity to review *the entire record*" (Tr. 688) (emphasis added). Plaintiff correctly notes that Dr. Winkler testified prior to Plaintiff's testimony and therefore did not have Plaintiff's testimony before her when she issued her testimonial opinion (*See* Tr. 699). However, the Court finds this to be harmless error, as Plaintiff cannot show but for this error, the ALJ would have decided the case differently; the ALJ elsewhere indicates that Dr. Winkler reviewed the "entire medical evidence of record" (Tr. 688). *See Byes v. Astrue*, 687 F.3d 913,

---

[3] While the ALJ also relied on the opinion of Kyle DeVore, Ph.D. in her determination that Plaintiff's depression is not a severe impairment, Plaintiff does not raise any issues regarding Plaintiff mental health impairments. As such, the Court will not address this opinion and only address opinions regarding Plaintiff's physical impairments.

917 (8th Cir. 2012) ("To show an error was not harmless, [the Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred."). Further, the ALJ found the opinion to be consistent with the objective medical evidence and Plaintiff's "known activities" (Tr. 688). Indeed, as addressed in more detail above, the objective medical evidence of record and activities of daily living supported Dr. Winkler's opinion; imaging shows only mild arthritic changes and mild disk degeneration and Plaintiff's activities included exercise (Tr. 577, 615, 662).

Second, the ALJ afforded the opinion of Nancy Dunlap, a state agency consultant, "little weight" (Tr. 688). Ms. Dunlap completed a Physical Residual Functional Capacity Assessment dated May 1, 2008 (Tr. 558-62). Ms. Dunlap found Plaintiff able to occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk at least 2 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday (Tr. 559). Ms. Dunlap also opined that Plaintiff is limited in her ability to push and/or pull in her lower extremities (*Id.*). Further, Ms. Dunlap indicated that Plaintiff would only occasionally be able to climb, balance, stoop, and crouch (Tr. 560). While Ms. Dunlap found Plaintiff to be quite limited, the ALJ discounted Ms. Dunlap's opinion as it largely relied on the consultative exam performed by Dr. Inna Park, M.D. ("Dr. Park"). The ALJ compared Dr. Winkler's opinion with the opinion of Dr. Park and indicated, as noted by Dr. Winkler during her testimony, that Dr. Park's evaluation was not based on any imaging and was otherwise inconsistent with the objective medical evidence of record (Tr. 688, 714-15). Specifically, as noted by the ALJ, Dr. Winkler was able to review Plaintiff's MRI reports which Dr. Winkler testified only supported mechanical low back pain (Tr. 688, 715). *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.").

12

Contrary to Plaintiff's assertion, the ALJ also properly considered Plaintiff's obesity. The SSA recognizes that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." 20 C.F.R. § 404, Subpt. P, App'x 1, § 1.00(Q). *See also* SSR 02-1p, 2002 WL 34686281, at *3 (Sept. 12, 2002). Thus, at all stages of the sequential evaluation process, including the RFC determination, "adjudicators must consider any additional and cumulative effects of obesity." 20 C.F.R. 404, Subpt. P, App'x 1, § 1.00(Q). However, the Eighth Circuit Court of Appeals has held that "[w]hen an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal." *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015) (quoting *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009)).

Here, the ALJ properly discussed Plaintiff's obesity, found it was a severe impairment, and determined that, after reviewing Plaintiff's obesity pursuant to SSR 02-1p, that "it affects her residual functional capacity, but it does not generate further or greater limitations than those reflected above" in her RFC determination (Tr. 687). Also, although Plaintiff asserts that Dr. Winkler failed to take into consideration Plaintiff's obesity, the transcript reflects otherwise. Indeed, Dr. Winkler testified that in determining her opinion, she considered Plaintiff's obesity; "I assumed [Plaintiff's obesity would exacerbate the patient's presentation], which is why I indicated that she was as limited as I indicated because normally with the findings on that MRI, you wouldn't expect any real limitations. So I was factoring in the obesity" (Tr. 718). "Because the ALJ specifically took [Plaintiff's] obesity into account in his evaluation, we will not reverse that decision." *Heino*, 578 F.3d at 881-82.

Finally, to the extent Plaintiff identifies records that support Plaintiff's allegations, "[i]f substantial evidence supports the decision, then we may not reverse, even if inconsistent

conclusions may be drawn from the evidence and even if we may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

In conclusion, the Court finds that the ALJ's RFC determination is consistent with the relevant evidence of record including the objective medical evidence, the observations of medical providers, and diagnostic test results, as well as Plaintiff's credible limitations; that the ALJ's RFC determination is based on substantial evidence; and that Plaintiff's arguments to the contrary are without merit.

**C. VE Testimony**

Finally, Plaintiff asserts that the hypothetical question to the vocational expert does not capture the concrete consequences of the Plaintiff's condition and, therefore, the response of the vocational expert does not represent substantial evidence. Specifically, Plaintiff argues that because the restrictions contained in the RFC are not supported by the evidence of record, the hypothetical question posed is consequently flawed and the vocational expert's response does not represent substantial evidence. However, as previously addressed, the Court finds the ALJ's RFC determination to be consistent with the relevant evidence of record. Accordingly, as the ALJ appropriately included the restrictions as indicated in her RFC determination in the hypothetical question to the vocational expert, the Court finds that the hypothetical which the ALJ submitted to the vocational expert was proper, the ALJ properly relied on the vocational expert's testimony that there were jobs existing in significant numbers which Plaintiff could perform, and Plaintiff's arguments to the contrary are without merit (*See* Tr. 735-44). *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) ("A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ."). Because Plaintiff is capable of performing past relevant

work as a recruiter, the Court additionally finds that the ALJ's determination that Plaintiff was not disabled is based on substantial evidence and is consistent with the Regulations and case law.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 23rd day of March, 2018.

                                                    /s/ Noelle C. Collins
                                                    NOELLE C. COLLINS
                                                    UNITED STATES MAGISTRATE JUDGE